Ricky Lee WILLIAMS *v.* STATE of Arkansas

CR 90-85                                   788 S.W.2d 241

Supreme Court of Arkansas
Opinion delivered May 7, 1990

*John Wesley Hall, Jr., P.C.*, by: *Craig Lambert*, for appellant.

*Steve Clark*, Att'y Gen., by: *Paul L. Cherry*, Asst. Att'y Gen., for appellee.

DALE PRICE, Justice. The appellant, Ricky Lee Williams, was convicted of falsifying business records, a class A misdemeanor. He received a one year suspended sentence, was fined $300, plus court costs, and was ordered to pay $650 as restitution. The case was tried non-jury. On appeal, he contends the evidence was insufficient to support his conviction, and we agree.

Williams was the manager of the Little Rock Discount Golf store in Little Rock. The store was owned by International Golf Enterprises. In July of 1988, the accounting department of International Golf discovered that no bank deposits had been made for the Little Rock store for a period of several days. Jack Lane, the company's general manager, came to Little Rock on July 17 to discuss the matter with Williams.

Lane found that Williams was in possession of several days' worth of bank deposits, even though company policy provided that store receipts should be deposited each day. Williams explained that, in the latter part of June, he discovered an unexplained shortage of $400 to $500 in the store's cash receipts. Since that time, he told Lane, he had been "juggling" the deposits, meaning he would refrain from depositing one day's receipts until he could take money from the next day's receipts to cover the shortage. He also told Lane that, to cover the shortage, he would ring up an item on the cash register for less than its actual sale price. Ultimately, Williams said, he became so confused that he quit making the deposits. In addition to juggling the deposits and the underrings on the cash register, Williams told Lane that he was missing three days' worth of deposits for July 7, 8, and 9. Williams blamed this on burglars.

Lane took the money Williams had with him and deposited it in the bank. Lane discovered a substantial shortage. Williams was charged with theft by deception, a felony, but the charge was later amended to falsifying business records, a misdemeanor.

The state's evidence consisted of Lane's testimony, the testimony of co-workers, who had also heard Williams say he was juggling the deposits to make up for a shortage, and the testimony of a Little Rock police officer, Sergeant Steve Archer. He testified that he investigated a report of a burglary in progress at the store on July 16, the day before Lane's visit. Williams, who was at the scene when Archer arrived, told Archer that the suspects had

gained entry through the roof. Archer said his investigation revealed such entry was not possible. Williams declined to report the burglary.

At the close of the state's evidence, Williams asked that the case against him be dismissed, saying that the state had not proven that he had falsified any business records. The court denied the motion. The appeal is from that ruling.

Motions for a directed verdict are challenges to the sufficiency of the evidence. *Glick* v. *State*, 275 Ark. 34, 627 S.W.2d 14 (1982). This court affirms where there is substantial evidence to support the verdict. *Lunon* v. *State*, 264 Ark. 188, 569 S.W.2d 663 (1978). On appeal, the evidence must be viewed in the light most favorable to the appellee, and the judgment is affirmed if there is any substantial evidence to support the finding of the trier of fact. *Phillips* v. *State*, 271 Ark. 96, 607 S.W.2d 664 (1980).

Under Ark. Code Ann. § 5-37-202 (1987), the crime of falsifying records may be committed by any of four means:

A person commits the offense of falsifying business records, if, with the purpose to defraud or injure, he:

(1) Makes or causes a false entry to be made in the business records of an enterprise; or

(2) Alters, erases, obliterates, deletes, removes or destroys a true entry in the business records of an enterprise; or

(3) Omits to make a true entry in the business records of an enterprise in violation of a duty to do so which he knows to be imposed upon him by law or by the nature of his position; or

(4) Prevents the making of a true entry or causes the omission thereof in the business records of an enterprise.

The amended information, charging Williams with falsifying business records, states, in pertinent part:

Chris Piazza . . . charges RICKY LEE WILLIAMS . . . with the crime of violating Ark. Code Ann. 5-37-202 FALSIFYING BUSINESS RECORDS . . . . The said defendant(s), . . . with purpose to defraud or injure, did

make or cause a false entry to be made in the business records of an enterprise, LITTLE ROCK GOLF DISCOUNT . . . .

While the amended information does not specify that § (a)(1) is the section that Williams is charged with, the description of the charge quotes exactly § (a)(1). One requirement for a sufficient information is that it must contain elements of the crime, so that the defendant can adequately prepare for the case against him. *Fortner & Holcomb v. State*, 258 Ark. 591, 528 S.W.2d 378 (1975).

In order to convict, the state was required to present proof that false entries were made in the business records of the company and were made with the intent to defraud or injure. The state failed to introduce any business records that Williams was accused of falsifying. Lane testified as follows:

> Q. Mr. Lane, do you have any documents, or can you identify any documents which you contend that Rick falsified with the purpose to defraud the company that he had worked for for five years out of some of their money? Can you point me to any documents at all?
>
> A. No.

The state claims it was not limited to proving a violation of subsection 1 of the statute. It is argued that, even though Williams was charged with violating subsection 1, he could be convicted if his conduct showed a violation of *any* of the statutes' four subsections. We disagree.

We hold that the language of the information limited the state to proof of those specific elements set forth in the information. To attempt to prove any of the three other elements of the statute would constitute a fatal variance between the information and the proof. *Clemons v. State*, 150 Ark. 425, 234 S.W. 475 (1921); *see also Stirone v. United States*, 361 U.S. 212 (1960). The state has simply failed to make its case. Whatever crime Williams committed, if any, was not falsification of business records.

Reversed and dismissed.