Christopher E. FENDLEY *v.* STATE of Arkansas

CR 93-637                                    863 S.W.2d 284

Supreme Court of Arkansas
Opinion delivered October 18, 1993

*Daniel D. Becker* and *Terri L. Harris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Christopher Fendley was found guilty and sentenced as an habitual offender to six years imprisonment for being a felon in possession of a firearm. The Statute making it an offense for a felon to possess a firearm criminalizes that conduct "Unless so authorized by and subject to such conditions as prescribed by the Governor. . . ." Fendley contends the State failed to prove he had not been authorized by the Governor to possess a firearm. We affirm the conviction because the language to which he refers creates a defense to the crime rather than an element of it, and the evidence was sufficient to prove he conducted himself in violation of the Statute.

Mr. Fendley pawned a shotgun at a pawn shop in Hot Springs. Fendley completed an information card that listed his name, driver's license number, and address. The card was sent to the Garland County Sheriff's Office where it was determined that Fendley was a convicted felon, and a warrant for his arrest was issued.

The Statute mentioned above is Ark. Code Ann. § 5-73-103 (Supp. 1991). It states, in pertinent part:

> (a) Unless so authorized by and subject to such conditions as prescribed by the Governor, or his designee, or the Bureau of Alcohol, Tobacco and Firearms of the United States Treasury Department, or other bureau or office designated by the Treasury Department, no person shall possess or own any firearm who has been:
>
> (1) Convicted of a felony; . . . .

The prosecutor presented evidence that Fendley was a convicted felon, and he presented the information card Fendley completed to pawn the shotgun. Fendley's attorney moved for a directed verdict, stating that the prosecutor had failed to prove all the elements of the offense.

The State contends the "authorization" clause permitting a felon to possess a firearm if authorized by the Governor, his designee, or the Treasury Department creates a defense on which Mr. Fendley was obliged to present evidence rather than an element to be proved by the State. Fendley presented no such evidence at his trial.

Arkansas Code Ann. § 5-1-111(c) and (d) (1987), refer to two types of criminal defenses as follows:

> (c) The issue of the existence of a defense need not be submitted to the jury unless evidence is admitted supporting the defense. If the issue of the existence of a defense is submitted to the jury, the court shall charge that any reasonable doubt on the issue requires that the defendant be acquitted. A defense is any matter:

> (1) So designated by a section of this code; or

> (2) So designated by a section not a part of this code; or

> (3) Involving an excuse or justification peculiarly within the knowledge of the defendant on which he can fairly be required to introduce supporting evidence.

> (d) The defendant must prove an "affirmative defense" by a preponderance of the evidence. An "affirmative defense" is any matter:

> (1) So designated by a section of this code; or

> (2) So designated by a statute not a part of this code.

The "authorization" clause in subsection (a) of § 5-73-103 creates a defense as defined by § 5-1-111(c)(3). Were that not so, we would have to hold that the General Assembly intended to require the State to prove a negative, that is, to prove a defendant has not been authorized, by one of the several official officers or office mentioned, to possess a firearm. That he had been authorized officially to possess a firearm would be "peculiarly within the knowledge of the defendant."

Mr. Fendley cites *Irvin* v. *State*, 301 Ark. 416, 784 S.W.2d 763 (1990). Irvin had been convicted under the Youthful Offender Alternative Service Act of 1975 which requires expungment of the conviction upon completion of sentence. There was no

showing that Irvin's conviction record had been physically expunged, and it was used to convict him under § 5-73-103. We reversed, holding that Irvin was not required to produce evidence that the conviction had, in fact, been expunged and thus he was no longer a "felon" who could be charged with unlawful possession of a firearm.

The point was that one convicted under the Youthful Offender Alternative Service Act may assume, due to the law requiring it, the conviction has been expunged. Under § 5-73-103(a), however, no governmental entity is required to authorize a convicted felon to possess a firearm. Unlike the "automatic" expungment requirement we found in the *Irvin* case, a request for and the granting of authority to possess a firearm are matters which should clearly be within Fendley's knowledge but not necessarily within the State's knowledge. Under these circumstances it is fair to require a defendant to introduce evidence that he has authorization to possess a firearm.

Affirmed.