STATE of Arkansas *v.*
PULASKI COUNTY CIRCUIT COURT
Steven Marshall, Chad Brown, and Terry Nutt, Intervenors

94-197                                              872 S.W.2d 414

Supreme Court of Arkansas
Opinion delivered March 28, 1994

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*G. L. Jegley*, for appellee.

*Davis and Holiman,* by: *Richard E. Holiman*, for intervenors.

PER CURIAM. The State petitions for a writ of prohibition on grounds that the Pulaski County Circuit Court is without authority to order the prosecuting attorney to perform DNA testing on samples taken from three criminal defendants. Those defendants are the intervenors in this matter.

The three defendants were charged with rape. On August 3, 1993, the circuit court ordered that the defendants furnish blood, hair, and saliva samples to the prosecutor for analysis by the State Crime Laboratory. The State did not seek DNA testing by the FBI. By motions dated August 26, 1993, and September 2, 1993, the defendants requested that the circuit court order DNA testing of these samples from the defendants compared with evidence from the crime scene and the victim. On October 27, 1993, the circuit court ordered that the State send blood, saliva, and semen[1] samples under the control of the State Crime Laboratory to the FBI for DNA testing and analysis. The court noted in its order that the samples could be exculpatory for the defendants and that it was considering the defendants' rights to a fair trial

---

[1] The circuit court substituted "semen" for "hair" in the October 27, 1993, order.

in its decision. The State was ordered to pay for the DNA testing and analysis and to furnish the results to the defendants.

■■ We believe that the circuit court lacked the authority to direct the prosecutor as to what scientific tests to perform in its investigation and trial preparation. A circuit court may not perform the duties of the prosecuting attorney. *See Johnson* v. *State*, 308 Ark. 7, 823 S.W.2d 800, *cert. denied*, 112 S.Ct. 3043 (1992). We have held in this regard that the powers given to a prosecutor to charge the accused are guarded by the doctrine of separation of powers. *See State* v. *Murphy*, 315 Ark. 68, 864 S.W.2d 842 (1993).

■■ Moreover, the United States Supreme Court has determined that the defendant's right to a fair trial as embraced within the Due Process Clause is not violated "when the police fail to use a particular investigatory tool." *Arizona* v. *Youngblood*, 488 U.S. 1051, 109 S.Ct. 333 (1988). This court has specifically said that the State is not obligated to perform certain scientific tests, noting that a defendant cannot rely upon the State's discovery as a substitute for his or her own investigation. *Dumond* v. *State*, 290 Ark. 595, 721 S.W.2d 663 (1986). While a prosecuting attorney clearly has a duty to disclose all pertinent tests on tangible items pursuant to Ark. R. Crim. P. 17.1, the prosecutor is not required to make certain scientific tests on all materials seized. *Thomerson* v. *State*, 274 Ark. 17, 621 S.W.2d 690 (1981).

■ Because the circuit court lacks the authority under the United States Constitution, the Arkansas Constitution, our statutes, and common law to order the State to perform DNA testing on the mere possibility that the results might be exculpatory, issuance of a writ of prohibition is warranted.

Writ granted.

CORBIN, J., not participating.