Ray RENFRO *v.* STATE of Arkansas

CR 97-547                                            962 S.W.2d 745

Supreme Court of Arkansas
Opinion delivered January 29, 1998

*William L. Howard,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kelly Terry,* Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Ray Renfro was charged with the illegal disposal of waste under Ark. Code Ann. § 8-6-205 (Supp. 1995), after he was observed with other men dumping rotten potatoes at a site near connecting waterways in Craighead County. After a jury trial, Renfro was found guilty

and fined $2,000.00. He brings this appeal, asserting three points for reversal. We hold that one point raised has merit, and we reverse and remand for a new trial.

In its criminal information, the State specifically charged that on June 19, 1996, Renfro illegally disposed of solid waste on property owned by another person without the written permission of the owner or occupant of the property. The State's charge tracked the language set out in § 8-6-205(a)(4).

The operative criminal statute for the illegal disposal of waste can be violated in alternative ways in addition to that specified under subsection (a)(4). It is a violation of the statute, for example, to dispose of solid waste at a site for which a permit has not been issued by the Arkansas Department of Pollution Control and Ecology. Ark. Code Ann. § 8-6-205(a)(3) (Supp. 1995). The criminal statute can also be violated if the disposal of solid waste creates a public nuisance or health hazard or constitutes water or air pollution. Ark. Code Ann. § 8-6-205(a)(5) (Supp. 1995).

Renfro was not charged with the illegal conduct set out under subsections (a)(3) or (a)(5), although the State submitted an instruction that included alternative violations under subsections (a)(3), (a)(4), and (a)(5). Renfro objected to the inclusion of subsections (a)(3) and (a)(5) in the instruction but the trial court overruled the objection on the basis that the alternative violations were not separate offenses but alternative means of committing one offense.[1] The jury was then instructed that if it found Renfro guilty of conduct under any one of the three subsections, it could find him guilty of the crime of illegal disposal of waste.

We conclude that this was error. The jury was so instructed by the trial court even though the prosecutor never amended the criminal information to include other prohibited conduct under § 8-6-205. The jury returned a verdict of guilty without specifying which category of conduct amounted to a violation. Thus, we have no way of knowing whether the jury found

---

[1] Though Renfro's counsel objected generally to the alternative theories for guilt contained in the instruction, he specifically objected only to the alternative theory of dumping solid waste without a permit.

Renfro guilty of disposal of waste on another's property [(a)(4)], or disposal without a permit [(a)(3)], or creating a public nuisance, hazard, or polluted condition [(a)(5)].

In *Williams v. State*, 302 Ark. 234, 788 S.W.2d 241 (1990), this court emphasized that a criminal information must contain the elements of the crime so that a defendant can adequately prepare the case against him or her. We held, as a result, that the language of the information in that case limited the State to proof of those specific elements set out in the information and that proof of other elements constituting separate crimes constituted a fatal variance. The facts in *Williams* are somewhat different from the facts in the instant case in that no proof of the charged offense under subsection (a)(4) was forthcoming in that case, while in the instant case proof of the charged offense was presented by the State. Nevertheless, the *Williams* decision relied in part on *Stirone v. United States*, 361 U.S. 212 (1960), and that case has facts analogous to the facts in the instant case.

In *Stirone*, the defendant was indicted for interference with interstate commerce and extortion related to a contract to supply sand for ready-mixed concrete. The district court allowed evidence to come in relating to extortion and contracts to supply steel, conduct for which the defendant was not indicted. The district court then charged the jury that either the conduct relating to the sand or the steel might constitute a violation, and the defendant was convicted without specification of which activity resulted in the guilty verdict. The Supreme Court reversed the conviction and first underscored the fact that it was the grand jury and not the district court that could change the charge. The Court went on to say that the district court impermissibly allowed the defendant to be tried on charges not brought in the indictment against him. The Court stated:

> And it cannot be said with certainty that with a new basis for conviction added, Stirone (the defendant) was convicted solely on the charge made in the indictment the grand jury returned. Although the trial court did not permit a formal amendment of the indictment, the effect of what it did was the same.

*Stirone*, 361 U.S. at 217. The Court added that the defendant was deprived of a basic right to be tried only on charges presented against him and that the matter was "too serious" to be treated as nothing more than harmless error. *Id.*

The Court concluded:

> Yet because of the court's admission of evidence and under its charge this (the conduct relating to steel) might have been the basis upon which the trial jury convicted petitioner. If so, he was convicted on a charge the grand jury never made against him. This is fatal error.

*Id.* at 219 (citations omitted). *See also State v. Elliott*, 585 A.2d 304 (N.H. 1991) (reversible error for jury instruction to alter the criminal indictment by instructing on a separate crime —that the defendant *caused* the death of the victim as opposed to the charged offense of *shooting* the victim); *State v. Blankenship*, 480 S.E.2d 178 (W. Va. 1996) (reversible error for trial court to change the charge by instructing the jury on a charge not covered in indictment).

The instant case is comparable to *Stirone*. The trial court instructed the jury that violation of subsections (a)(3) and (a)(5) constituted illegal disposal of solid waste even though Renfro had not been charged with that conduct. In doing so, the trial court altered the criminal information, and the jury may well have returned a guilty verdict for activity that was not the subject of the criminal information filed against Renfro. Hence, as we noted in *Williams v. State, supra*, Renfro had no opportunity to prepare a defense to those separate charges.

█ We are aware that in this case Renfro did not object to the testimony of George Turner, an inspector with the Arkansas Department of Pollution Control and Ecology, that the dumping of solid waste was occurring without a permit [subsection (a)(3)]. There apparently was no opportunity to object to evidence that the dumping constituted a public nuisance [subsection (a)(5)], since no one specifically testified to that fact. In *Stirone v. United States, supra*, an objection to the evidence relating to the transportation of steel and extortion in connection therewith was made. Be that as it may, there was no indication from the court that the objection in *Stirone* was a prerequisite to appellate review of the

jury instruction that constituted the fatal variance. Moreover, the presence or absence of an evidentiary objection was not even broached in *State v. Elliott, supra, State v. Blankenship, supra,* or this court's decision in *William v. State, supra.* We do not view the failure to object in this case as the pivotal point. It was, rather, the instruction by the trial court on uncharged crimes that was the fatal error, and in the *Stirone* case and the instant case objections were mounted by the defendants at the instruction stage. And, again, with regard to the instruction of dumping as a public nuisance [subsection (a)(5)], there was no specific evidence introduced on this point.

■ Furthermore, we can easily see how Renfro might have concluded that the evidence of no permit was introduced against him in connection with the crime charged of dumping solid waste on another's property, and not as a separate offense. The only witness to testify to this point was George Turner, who described the condition of the area. He failed, though, to use the term "public nuisance" in his testimony and mentioned only once the requirement that a person obtain a permit to operate a dump site. This testimony, in our judgment, was not sufficient to alert Renfro to the fact that the jury would be instructed on two additional offenses.

■ Finally, the State urges that Renfro should have proffered the correct instruction and that he waived his objection by failing to do so. The State cites us to *Dixon v. State,* 327 Ark. 105, 937 S.W.2d 642 (1997), and *Wallace v. State,* 326 Ark. 376, 931 S.W.2d 113 (1996), as authority. Neither case, however, is apposite. In Dixon v. State, supra, the defendant wanted an instruction that contained an omitted element of the offense — "continuing criminal activity and/or gang related activity" — and failed to proffer one. In *Wallace v. State,* supra, the defendant wanted the jury instructed on the lesser-included offense of robbery but, likewise, failed to proffer the desired instruction. Here, Renfro did not want an additional instruction or an instruction with certain elements. Thus, there was no need for him to proffer an instruction. He objected only because he wanted the jury instructed on the crime charged and not on separate offenses. This did not warrant the proffer of a separate instruction.

■ We have made it clear that it is the prosecutors who can bring or amend a criminal charge and not the trial courts. *See, e.g., State v. Vasquez-Aerreola*, 327 Ark. 617, 940 S.W.2d 451 (1997); *State v. Knight*, 318 Ark. 158, 884 S.W.2d 258 (1994); *State v. Pulaski County Circuit Court*, 316 Ark. 514, 872 S.W.2d 414 (1994) (per curiam); *State v. Murphy*, 315 Ark. 68, 864 S.W.2d 842 (1993); *Johnson v. State*, 308 Ark. 7, 823 S.W.2d 800 (1992); *State v. Hill*, 306 Ark. 375, 811 S.W.2d 323 (1991) (per curiam). The prosecutor in this case made no attempt to amend the criminal information. It was the trial court that did so, in effect, by means of its instruction to the jury on offenses not charged. We agree with the *Stirone* reasoning that this cannot be harmless error but is fatal to the conviction. We, therefore, reverse and remand for a new trial.

■ There is one other point raised on appeal that may reoccur in a new trial on remand. Renfro contends that the State failed to show that he did not have permission to dump the waste and that the permission element was one that the State had to prove. We disagree. Whether Renfro had received written permission under Ark. Code Ann. § 8-6-205(a)(4) (Supp. 1995), to dump waste is a defense which was Renfro's burden to prove. In this respect, a defense is defined as any matter involving an excuse or justification peculiarly within the knowledge of the defendant on which he can fairly be required to introduce supporting evidence. Ark. Code Ann. § 5-1-111(c)(3) (Repl. 1993). The "written permission" required in § 8-6-205(a)(4) creates a defense under § 5-1-111(c)(3), because such a matter was peculiarly within Renfro's knowledge. *See Fendley v. State*, 314 Ark. 435, 863 S.W.2d 284 (1993) (court held "authorization" clause in Ark. Code Ann. § 5-73-103 (Supp. 1991), which permits a felon to possess a firearm if authorized by the Governor or the Treasury Department, created a defense as defined by § 5-1-111(c)(3) for which the defendant was obliged to present evidence).

Reversed and remanded.

ARNOLD, C.J., GLAZE, and CORBIN, JJ., dissent.

Tom Glaze, Justice, dissenting. Because the majority opinion fails to reveal that any error, much less prejudicial error, occurred to support reversing this case, I must dissent.

Here, the State charged Ray Renfro with violating Ark. Code Ann. § 8-6-205 (1987), thereby committing the offense of Illegal Disposal of Waste. Under § 8-6-205, a person can commit the one offense in three different ways. *See* § 8-6-205(a)(3), (4), and (5). The State's information cited the entire statute, but specifically set out prohibited conduct tracking the 205(a)(4) provision, stating that, on June 19, 1996, Renfro illegally disposed of solid waste upon property owned by another person without the written permission of the owner or occupant of the property.

At trial, *undisputed proof* was shown that, on June 19, 1996, three law enforcement officers on separate occasions saw Renfro and other men dumping rotten potatoes on property at a location near Twin Bridges in Craighead County. One officer said the property was owned by a drainage district, and, the burden clearly being Renfro's, Renfro failed to show he had any permission, written or otherwise, to dump waste at the site. *See* Ark. Code Ann. § 5-1-111(c)(3) (1987) and *Fendley v. State*, 314 Ark. 435, 863 S.W.2d 284 (1993). Based on the foregoing proof given the jury, the State clearly showed Renfro committed the offense of illegal disposal of waste as defined by § 8-6-205(a)(4).

Even though Renfro's guilty verdict is supported by undisputed evidence at trial, the majority opinion says the trial judge erred because, in addition to instructing the jury on illegal disposal of waste under 205(a)(4), he further instructed it on the offense as defined in 205(a)(3) and (5), as well. The State presented evidence, without objection, that supported these additional ways Renfro committed the offense.

To support its holding, the majority relies on *Williams v. State*, 302 Ark. 234, 788 S.W.2d 241 (1990), which is simply not applicable. There the State charged Williams with falsifying business records in violation of Ark. Code Ann. § 5-37-202(a)(1) — one of four means by which the crime could be shown. *Id., see* § 5-37-202(a)(1)-(4). At trial, however, the State failed to prove Williams committed the crime under 202(a)(1), and on appeal,

Williams claimed the trial court should have directed a verdict. In response, the State contended it was not limited to proving the crime under 202(a)(1), but instead the State could show Williams's guilt by showing his prohibited conduct violated *any* of the statute's four subsections. *Williams*, 302 Ark. at 237, 788 S.W.2d at 243. The *Williams* court reversed, holding that the language of the information limited the State's proof to those specific elements set forth in the information, and to attempt to prove any of the other three subsections would constitute a fatal variance between the information and the proof. *Id.*

Obviously, the *Williams* case is far different from Renfro's situation because, in *Williams*, the State never proved its case as pled in its information; here the State unquestionably charged *and* proved that Renfro had violated § 8-6-205(4). Thus, *no variance* whatever existed between the information and the proof.

The majority opinion also attempts to justify its reversal by citing *Stirone v. United States*, 361 U.S. 212 (1960) — another case which has no application to the facts and situation before us. There, Stirone was indicted with interfering with interstate commerce by extortion in violation of the Hobbs Act, 18 U.S.C. § 1951. The only interstate commerce mentioned in the grand jury indictment involved *importing sand* into Pennsylvania to be used in building a steel plant there. *Id.* However, at trial, the judge, *over Stirone's objection*, allowed the State to introduce evidence to show interference of interstate commerce by *exporting steel* from Pennsylvania to other states. *Stirone*, 361 U.S. at 214. In doing so, the judge also instructed the jury it could base a conviction upon interference with either the importation of sand or the exportation of steel. *Id.*

The Supreme Court in *Stirone* held the district judge had erred because (1) no court could know if the grand jury would have been willing to indict Stirone for his conduct based on the new charge involving the exportation of steel, and (2) it could not be said with certainty that, with the adding of the exportation charge at trial, the jury convicted Stirone solely on the indictment returned by the grand jury. The Court based its holding on the fact that the very purpose of the requirement that a man be

indicted by a grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens *acting independently of either prosecuting attorney or judge*. *Stirone v. United States, supra*. (Emphasis added.)

Excuse my reference to an old adage, but the majority opinion's reliance on *Stirone* is like comparing apples to oranges. Here, the prosecutor, not a grand jury, brought the illegal disposal of waste charge against Renfro, and no question arises in the present case whether a group of fellow citizens would have indicted Renfro under the other subsections of statute § 8-6-205. But, most important, I point out, once again, that the prosecutor proved beyond any doubt that Renfro violated § 8-6-205(a)(4) in the exact manner alleged in the information. Therefore, Renfro suffered no harm by the prosecutor having proved that Renfro also committed the same offense in the two other ways defined in § 8-6-205(a)(3) and (5).

Finally, I underscore that the prosecutor, *without objection* by Renfro, introduced the testimony of George Turner, an employee with the Arkansas Department of Pollution Control and Ecology. That testimony bore on Renfro's conduct and how that conduct violated the other two subsections set out in the illegal-disposal-of-waste statute. Again, since the State's evidence already clearly showed Renfro had committed the offense under § 8-6-205(a)(4), *the question is what harm could Renfro have suffered merely by the State's offering other evidence of his guilt of the same offense.* None. Again, no variance existed between the information and the State's proof showing Renfro's culpability under § 8-6-205(a)(4).

In addition, it is worthy to repeat that the State, without objection, presented evidence bearing on the two other ways Renfro violated § 8-6-205. The information filed against Renfro set out § 8-6-205, and Renfro cannot claim surprise of its content. Arkansas law is settled that a party is entitled to a jury instruction if there is some evidence to support it. *Yocum v. State*, 325 Ark. 180, 925 S.W.2d 385 (1996). The trial court was correct by instructing the jury on the law contained in § 8-6-205(a)(3) and (5), as well as (a)(4).

Because Renfro suffered no prejudicial harm, this case should not be reversed. Renfro violated the law, and it is a waste of judicial time to require the State to prove the same case against Renfro again. In fact, if the majority was correct in its analysis (it is not), the matter should be reversed and *dismissed*, not remanded. I would affirm.

ARNOLD, C.J., and CORBIN, J., join this dissent.