Andre Lamont JACKSON *v.* STATE of Arkansas

CR 98-386 986 S.W.2d 405

Supreme Court of Arkansas
Opinion delivered March 11, 1999

*William R. Simpson, Jr.,* Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Andre Lamont Jackson appeals the judgment of the Pulaski County Circuit Court convicting him of first-degree murder and terroristic act and sentencing him to a total of thirty years' imprisonment. Appellant raises one point for reversal concerning the sufficiency

of the evidence on the count of terroristic act. This case was certified to us from the Arkansas Court of Appeals, pursuant to Ark. Sup. Ct. R. 1-2(d), as it presents an issue of first impression requiring our interpretation of Ark. Code Ann. § 5-13-310 (Repl. 1997). We find no merit to Appellant's argument and affirm the judgment of conviction.

The record reflects that on June 5, 1996, Orion Harris and his cousin Ian Houston were sitting in Harris's car at the intersection of 12th and University Streets in Little Rock. Harris was driving and Houston was in the front passenger's seat. Next to them, in the left turning lane, was a black Toyota 4-Runner. Three of the four occupants in the Toyota, including Appellant, had been smoking "sherm," a term used to describe cigarettes dipped in PCP. When the turning lane's light turned green, the Toyota proceeded to turn, but then stopped. A man, later identified as Appellant, stepped out of the Toyota, walked to the rear of Harris's vehicle, and started shooting. Harris hit the gas and tried to get away from him. Before they were able to get through the intersection, however, Houston was shot in the chest, and he later died.

During the trial, the State presented undisputed evidence that Houston was unarmed and that neither he nor Harris made any moves inside the car that would indicate that they were armed. At the close of the evidence, Appellant argued that there was insufficient evidence to convict him of the crime of terroristic act because the State had failed to prove that he was not engaged in the commission of a lawful act at the time of the shooting. The trial court denied the motion, and this appeal followed.

Section 5-13-310, "Terroristic act," provides in pertinent part:

> (a) For the purposes of this section, a person commits a terroristic act when, *while not in the commission of a lawful act*:

> (1) He shoots at or in any manner projects an object with the purpose to cause injury to persons or property at a conveyance which is being operated or which is occupied by passengers[.] [Emphasis added.]

Appellant asserts that there are two elements under this section that the State was required to prove against him: (1) that he shot at a car occupied by passengers and (2) that he was not in the commission of a lawful act at the time. The State contends that the phrase "while not in the commission of a lawful act" amounts to a defense to the offense, excluding those persons, such as police officers, who act with some legal justification. We agree with the State.

In *Fendley v. State*, 314 Ark. 435, 863 S.W.2d 284 (1993), this court reviewed a similar criminal provision in Ark. Code Ann. § 5-73-103 (Supp. 1991), which provided in pertinent part:

> (a) Unless so authorized by and subject to such conditions as prescribed by the Governor, or his designee, or the Bureau of Alcohol, Tobacco and Firearms of the United States Treasury Department, or other bureau or office designated by the Treasury Department, no person shall possess or own any firearm who has been:
>
> (1) Convicted of a felony[.]

Fendley argued that under that section, the State had to prove not only that he was a convicted felon and that he had possession of a firearm, but also that he was not authorized to possess such firearm. This court disagreed, holding:

> The "authorization" clause in subsection (a) of 5-73-103 creates a defense as defined by 5-1-111(c)(3). Were that not so, we would have to hold that the General Assembly intended to require the State to prove a negative, that is, to prove a defendant has not been authorized, by one of the several official officers or office mentioned, to possess a firearm. That he had been authorized officially to possess a firearm would be "peculiarly within the knowledge of the defendant."

*Id.* at 437, 863 S.W.2d at 285. This court held further that under the circumstances, it was fair to require the defendant to introduce evidence that he had authorization to possess a firearm, as "a request for and the granting of authority to possess a firearm are matters which should clearly be within Fendley's knowledge but not necessarily within the State's knowledge." *Id.* at 438, 863 S.W.2d at 285.

More recently, in *Renfro v. State*, 331 Ark. 253, 962 S.W.2d 745 (1998), the appellant argued that under Ark. Code Ann. § 8-6-205(a)(4) (Supp. 1995) the State was required to show that he did not have permission to dump waste, in addition to having to show that he had dumped the waste. Section 8-6-205(a)(4) provides in pertinent part that it is illegal to dump any solid wastes or trash "upon property owned by another person *without the written permission of the owner or occupant* of the property[.]" (Emphasis added.) This court disagreed with Renfro's argument and held that the issue of whether he had received permission to dump the waste is a defense that he was required to prove. Relying on *Fendley*, 314 Ark. 435, 863 S.W.2d 284, this court explained:

> In this respect, a defense is defined as any matter involving an excuse or justification peculiarly within the knowledge of the defendant on which he can fairly be required to introduce supporting evidence. Ark. Code Ann. § 5-1-111(c)(3) (Repl. 1993). The "written permission" required in § 8-6-205(a)(4) creates a defense under § 5-1-111(c)(3), because such a matter was peculiarly within Renfro's knowledge.

*Id.* at 259, 962 S.W.2d at 749 (citation omitted). We think the analysis employed in both *Fendley* and *Renfro* is dispositive of the issue here.

 The phrase "while not in the commission of a lawful act" in section 5-13-310(a) was clearly intended to provide a defense to those persons who may have been legally justified in committing the proscribed acts. The most obvious examples include a person acting in self-defense and a police officer returning the gunfire of a criminal suspect. The issue of whether a person shooting into a car with passengers was acting in a lawful manner is information that is peculiarly within the knowledge of the actor, as provided in Ark. Code Ann. § 5-1-111(c) (Repl. 1997). Because such information is peculiarly within the defendant's knowledge, and not necessarily the State's, he may be fairly required to produce such evidence in defense of the crime of terroristic act. To require the State to prove a negative, namely that Appellant was *not* otherwise engaged in a lawful act while he was shooting into a car occupied by passengers, would be absurd. This court will not interpret a statute, even a criminal one, so strictly as

534

to reach an absurd conclusion that is contrary to legislative intent. *Mings v. State*, 316 Ark. 650, 873 S.W.2d 559 (1994); *Cox v. State*, 313 Ark. 184, 853 S.W.2d 266 (1993). We thus affirm the trial court's judgment.