Goldie RITCHIE *v.* STATE of Arkansas

CA CR 89-293                                    790 S.W.2d 919

Court of Appeals of Arkansas
Division I
Opinion delivered June 20, 1990
[Rehearing denied August 22, 1990.]

*Witt Law Firm*, *P.C.*, by: *Ernie Witt*, for appellant.

*Steve Clark*, Att'y Gen., *Lynley Arnett*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was charged with the offense of being an accomplice to murder in the first degree, in violation of Ark. Code Ann. §§ 5-2-403 and 5-10-102 (1987). At the close of all the evidence, the jury was instructed on accomplice liability, murder in the first degree, and murder in the second degree. Over the objection of the appellant the jury was also instructed on hindering apprehension or prosecution. The jury found the appellant guilty only of hindering apprehension or prosecution and sentenced her to three years in the Arkansas Department of Correction. On appeal, she argues that the trial court erred in instructing the jury on hindering apprehension or prosecution because, first, she was not charged with that offense and second, it is not a lesser included offense to the crimes with which she was charged. We reverse.

The only argument made by the State is that we should not consider the appellant's argument because she has not abstracted her objection to the instruction. However, the State concedes that the appellant did object to the instruction and the objection was obviously overruled because the jury was instructed on the hindering apprehension issue. If we consider affirming for non-compliance with Ark. R. Sup. Ct. 9(e) to be unduly harsh, we may request the appellant to reprint his brief. However, because the State has conceded that the appellant objected, we find rebriefing to be unnecessary and that it would involve an unreasonable delay. Ark. R. Sup. Ct. 9(e)(2).

According to Ark. Code Ann. § 5-1-110 (b)(1987) an offense is a lesser included offense if:

(1) It is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or

(2) It consists of an attempt to commit the offense charged or to commit an offense otherwise included within

it; or

(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

However, an offense is not a lesser included offense solely because a greater offense includes all the elements of the lesser offense. The lesser included offense doctrine additionally requires that the two offenses be of the same generic class and that the difference between the offenses be based upon the degree of risk or risk of injury to person or property or else upon grades of intent or degrees of culpability. *Thompson* v. *State*, 284 Ark. 403, 682 S.W.2d 742 (1985); *Shamlin* v. *State*, 23 Ark. App. 39, 743 S.W.2d 1 (1988).

In overruling the appellant's objection, the trial court observed that hindering apprehension was a form of the old accessory after the fact charge. While the trial court's observation is correct, *see Taylor* v. *State*, 265 Ark. 822, 581 S.W.2d 328 (1979), it is not a lesser included offense to accomplice liability under the murder statutes. The present criminal code treats the concept of accessories differently from the common law and is consistent with the weight of authority. Under present law an accessory before the fact is an accomplice, Ark. Code Ann. § 5-2-403(1987), and one who was formerly an accessory after the fact is now guilty of a separate crime, i.e., hindering apprehension and prosecution. *Taylor, supra.* Furthermore, while an accomplice is one who can be convicted of the same charge as the principal, hindering apprehension or prosecution can only arise where a crime has already been committed, and the culpability for that offense is less than the underlying offense. Thus, hindering apprehension or prosecution is a totally separate offense and is not a lesser included offense.

Because the appellant was not charged with hindering apprehension or prosecution and because it is not a lesser included offense, we find it was error for the trial court to instruct the jury on hindering apprehension and prosecution. Accordingly, we reverse.

Reversed.

MAYFIELD, and CRACRAFT, JJ., agree.