David Anthony WEBB *v.* STATE of Arkansas

CR 96-711                                   941 S.W.2d 417

Supreme Court of Arkansas
Opinion delivered April 7, 1997

*Montgomery, Adams & Wyatt, PLC,* by: *James W. Wyatt,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

W.H."Dub" Arnold, Chief Justice. The appellant, David Anthony Webb, was charged with capital murder for shooting and killing Jimmy Griffiths. A jury found him guilty of the lesser-included offense of first-degree murder, for which he received a sentence of life imprisonment. Webb's sole argument on appeal is that there was insufficient evidence to support his conviction. We affirm the conviction and sentence.

The State's case against Webb included the following evidence. On June 20, 1995, the victim, Jimmy Griffiths, was

returning his and Angela Nelson's minor child to Angela's residence at the Pine Gardens Apartments in Little Rock. While Angela's name was on the lease, her boyfriend, appellant Webb, and her sister Dawona also lived in the apartment and were present there on the date in question.

When the victim arrived at the apartment, Webb told him that he (the victim) was "foul," and that he had "disrespected" him (Webb). As Webb became angrier and approached the victim, Angela and Dawona repeatedly asked the victim to leave. The victim refused to do so, and, instead, asked to use the telephone. By this time, a security guard had arrived at the apartment, but was told that everything was alright. Instead of asking for the security guard's assistance, Webb went back to his bedroom and retrieved a nine millimeter pistol. He returned and fired what he termed to be a "warning" shot in the general area of the victim, who was standing by the door.

After the first shot was fired, the victim rushed Webb, and the two began wrestling. Angela and Dawona attempted to separate the men. Angela positioned herself between Webb and the victim. While the victim never struck Webb, Webb hit the victim twice in the head with the gun. Angela and Dawona tried to take the gun away from Webb, but he resisted. Webb then reached over Angela's shoulder and fired a second shot that struck the victim in the forehead. The victim fell to the floor, and Webb ran out the door. According to Angela and Dawona, at no time during the incident did the victim produce a weapon or threaten Webb.

Dr. William Sturner, Chief Medical Examiner of the State Crime Lab, performed the autopsy on the victim. He testified that the victim was killed by a single gunshot wound to the forehead, and that powder marks surrounding the wound indicated that he was shot at very close range — less than three feet and perhaps even inches away.

At the close of the State's case, Webb "moved for a directed verdict of acquittal" on the grounds "that the State has failed to meet its burden of proof in this case of showing premeditation on behalf of this Defendant." His motion only addressed capital mur-

der, and did not address first-degree murder either by name or by the culpability required for the crime.[1] The trial court denied the motion.

We have held that a defendant is required to address the lesser-included offenses in his motion for a directed verdict to preserve a challenge to the sufficiency of the evidence necessary to support a conviction for a lesser-included offense. *Jordan v. State*, 323 Ark. 628, 917 S.W.2d 164 (1996); *Walker v. State*, 318 Ark. 107, 883 S.W.2d 831 (1994). Because Webb failed to question the sufficiency of the evidence for first-degree murder either by name or by apprising the trial court of the elements of this offense, he did not preserve his argument for our review.

Since Webb received a life sentence, we have examined the record in accordance with Ark. Sup. Ct. R. 4-3(h) for error in rulings by the trial court that were adverse to him. None has been found. Accordingly, we affirm Webb's conviction and sentence.

Affirmed.

---

[1] First-degree murder requires proof that the actor, with the purpose of causing the death of another person, caused the death of another person. *See* Ark. Code Ann. §5-10-102(a)(2) (Repl. 1993). "A person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result[.]" Ark. Code Ann. § 5-2-202(1) (Repl. 1993).