Vonnie L. MOORE *v.* STATE of Arkansas

CR 97-598                                954 S.W.2d 932

Supreme Court of Arkansas
Opinion delivered November 13, 1997

*Chris Tarver,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Mac Golden,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Vonnie L. Moore was alleged to have robbed cashiers at two grocery stores — one on February 26, 1996, and the other on February 27, 1996. He was charged with two counts of aggravated robbery and two counts of misdemeanor theft. The judgment and commitment order of record inaccu-

rately shows that Mr. Moore was convicted of two aggravated robberies, both occurring on February 27, 1996. The trial transcript shows that the jury found Mr. Moore guilty of aggravated robbery and theft with respect to the robbery that occurred on February 27, 1996 (Count 2). As to the February 26, 1996, event (Count 1), however, Mr. Moore was found guilty of the lesser-included offense of robbery and of misdemeanor theft.

Mr. Moore was sentenced as an habitual offender to serve consecutive terms of life imprisonment for aggravated robbery, forty years' imprisonment for robbery, and one year in the county jail for each of the misdemeanor thefts. He appeals only the forty-year sentence received for the robbery on Count 1 and asserts that the evidence was insufficient and should not have been allowed to go to the jury. We affirm the conviction because Mr. Moore's motion for directed verdict challenging the sufficiency of the evidence concerned only the charge of aggravated robbery of which he was not convicted. The sentence is modified, however, to limit the total sentence for the misdemeanor thefts to one year, which is to be served concurrently with the felony sentences.

At the trial, Jamal Williams, the grocery-store clerk victimized in the February 26 robbery, was unable to identify Mr. Moore as the culprit; however, he had done so earlier upon viewing a photographic lineup. Mr. Williams testified that he was a cashier at the store robbed on February 26. The robber approached him at the register and asked for a pack of cigarettes. When Mr. Williams told the robber what he owed, the robber reached in his pocket and handed Mr. Williams a note that said, "This is a robbery. Give me all your money." Mr. Williams testified that the robber said only that he did not want food stamps. The robber placed his hand in his coat pocket, and Mr. Williams said that he saw something "bulging out" toward him from the pocket where the robber's hand was and that he felt threatened and scared. He gave the robber all the cash from the register. Mr. Williams testified that he did not know what was in the robber's pocket, but he believed the "bulge" was a gun based on the way the robber had his hand in his pocket.

## 1. Sufficiency of the evidence

Robbery is defined in Ark. Code Ann. § 5-12-102(a) (Repl. 1993), in significant part, as follows: "A person commits robbery if, with the purpose of committing a felony or misdemeanor theft . . . he employs or threatens to immediately employ physical force upon another." One who commits robbery is guilty of aggravated robbery if one "is armed with a deadly weapon or represents by word or conduct that [one] is so armed;. . . ." Ark. Code Ann. § 5-12-103(a)(1) (Supp. 1995).

The motion for a directed verdict at the trial was as follows:

> [Defense Counsel]: . . . I would move for a directed verdict as to Count One of the information. The State has not met its burden, insufficient evidence. I believe Mr. Williams is charged [sic] as a victim in that count, aggravated robbery. I believe his testimony was that the defendant came into the store, presented a note written on a paper towel or a napkin or something to that effect, placed it upon the counter, he looked at the note. Once he realized that he was serious, then he handed the money to him. He then changed his testimony a little bit in terms of he said that the defendant had his hand in his pocket, he saw a bulge, and it was just his personal feelings.

> The Court: Thought he had a gun.

> [Defense Counsel]:—that he had a gun. There was no indication that there was any conduct on the part of the defendant by words or, as I said, conduct that he had a weapon.

The motion questioned only the sufficiency of the evidence to show that Mr. Moore was armed with a deadly weapon or represented himself to be armed with a deadly weapon. It thus questioned only the element that allegedly made the act aggravated robbery rather than robbery.

■ ■ To preserve for appeal the issue of sufficiency of the evidence to support a conviction of a lesser-included offense, a defendant's motion for directed verdict must address the elements of the lesser-included offense. *Webb v. State*, 328 Ark. 12, 941 S.W.2d 417 (1997); *Jordan v. State*, 323 Ark. 628, 917 S.W.2d 164 (1996). Mr. Moore's motion addressed only whether Mr. Williams was threatened by, or perceived the threat of, a deadly weapon. As the motion did not address any of the elements of

robbery, the offense of which Mr. Moore was convicted, we affirm the conviction.

### 2. *Misdemeanor sentences*

According to Ark. Code Ann. § 5-4-403(c) (Repl. 1993),

The power of the court to order that sentences run consecutively shall be subject to the following limitations:

(1) A sentence of imprisonment for a misdemeanor and a sentence of imprisonment for a felony shall run concurrently, and both sentences shall be satisfied by service of sentence for a felony; and

(2) The aggregate of consecutive terms for misdemeanors shall not exceed one (1) year.
The Trial Court thus lacked the authority to impose an aggregate sentence of more than one year for the two misdemeanor offenses. The sentence was also illegal in that it purported to run the misdemeanor sentences consecutively with the felony sentences. *Howard v. State*, 289 Ark. 587, 715 S.W.2d 440 (1986).

Mr. Moore's sentence is modified to reduce the total sentence for the two misdemeanor theft convictions to one year to be served concurrently with the life and forty-year sentences.

### 3. *Ark. Sup. Ct. R. 4-3(h)*

In accordance with Ark. Sup. Ct. R. 4-3(h), the record has been reviewed for erroneous rulings prejudicial to Mr. Moore, and none has been found.

Affirmed as modified.