Timothy Wayne KEMP *v.* STATE of Arkansas

CR 98-463                                      983 S.W.2d 383

Supreme Court of Arkansas
Opinion delivered November 19, 1998

*Jeff Rosenzweig*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Todd L. Newton*, Asst. Att'y Gen. and *Kelly K. Hill*, Deputy Att'y Gen., for appellee.

W H. "DUB" ARNOLD, Chief Justice. In October of 1993, police found the bodies of David Wayne Helton, Robert "Sonny" Phegley, Cheryl Phegley, and Richard "Bubba" Falls in a trailer in Jacksonville, Arkansas. All four victims had been shot, and all but Falls had been shot more than once. Another victim, Becky Mahoney, was also shot but hid in a bedroom closet during the shootings and survived. Mahoney later identified her boyfriend, Timothy Wayne Kemp, as the perpetrator. In November of 1994, Kemp was convicted of four counts of capital murder and sentenced to death on each count. On appeal, this court affirmed all four convictions but reversed three of the death sentences, leaving one intact. *Kemp v. State*, 324 Ark. 178, 919 S.W.2d 943 (1996). Following a resentencing hearing in October of 1997, Kemp was again sentenced to the three death penalties. From these three sentences, Kemp brings the instant appeal challenging the admissibility of victim–impact evidence, the constitutionality of the victim–impact statute, and the applicability of the law–of–the–case doctrine. Our jurisdiction is authorized pursuant to Ark. Sup. Ct. Rule 1–2(a)(2) (1998), because this is a criminal appeal involving the death penalty. We find no merit in appellant's arguments, and we hold that the law–of–the–case doctrine controls this case. Accordingly, we affirm the appellant's three death sentences.

I.  *Constitutionality of the victim-impact statute and the law-of-the-case doctrine*

In his first trial and appeal, Kemp challenged the constitutionality of Arkansas's victim-impact statute, Ark. Code Ann. § 5-4-602(4) (Repl. 1997). This court rejected his arguments and declared the statute constitutional. *Kemp*, 324 Ark. at 203-06. During Kemp's resentencing trial, he renewed his constitutional objections to the statute, and his motion was again rejected by the trial court. Victim-impact testimony was introduced at the resentencing hearing through two relatives of victims Robert Phegley and Cheryl Phegley. In the instant appeal from the three death sentences, Kemp reargues that the victim-impact statute is void for vagueness, facially and as applied, and is substantively and procedurally unconstitutional, pursuant to the Eighth and Fourteenth Amendments to the United States Constitution and Ark. Const. art. 2, § 8.

Arkansas's victim-impact statute provides, in part:

> In determining sentence, evidence may be presented to the jury as to any matters relating to aggravating circumstances enumerated in § 5-4-604, or any mitigating circumstances, or any other matter relevant to punishment, including, but not limited to, victim impact evidence, provided that the defendant and the state are accorded an opportunity to rebut such evidence.

Further, the publisher's notes to section 5-4-602 indicate that the statute's enacting clause provided: "It is the express intention of this act to permit the prosecution to introduce victim impact evidence as permitted by the United States Supreme Court in *Payne v. Tennessee*, 111 S. Ct. 2597, 115 L. Ed. 2d 720, [reh'g denied, 112 S. Ct. 28, 115 L. Ed. 2d 1110] (1991)."

In *Payne*, the United States Supreme Court overruled the *per se* bar to victim-impact evidence, established in *Booth v. Maryland*, 482 U.S. 496 (1987) and *South Carolina v. Gathers*, 490 U.S. 805 (1989), and upheld a state's choice to permit the admission of victim-impact evidence and prosecutorial argument on that subject. Significantly, the *Payne* Court noted that:

> the Eighth Amendment erects no *per se* bar. A State may legitimately conclude that evidence about the victim and about the impact of the murder on the victim's family is relevant to the jury's decision as to whether or not the death penalty should be imposed. There is no reason to treat such evidence differently than other relevant evidence is treated.

Payne, 501 U.S. at 827.

In response to the appellant's renewed constitutional objections to Arkansas's victim-impact statute, the State contends that our review of these arguments is barred by the law-of-the-case doctrine. We agree. We also note that we have upheld the constitutionality of the victim-impact statute on many occasions. *See Noel v. State*, 331 Ark. 79, 960 S.W.2d 439 (1998); *Lee v. State*, 327 Ark. 692, 942 S.W.2d 231 (1997); *Kemp v. State*, 324 Ark. 178, 919 S.W.2d 943 (1996); *Nooner v. State*, 322 Ark. 87, 907 S.W.2d 677 (1995). However, because we considered and decided in Kemp's prior appeal the same constitutional arguments raised in the instant appeal, our prior decision with regard to those matters is binding in this subsequent appeal from the appellant's resentencing hearing.

■ The doctrine of the law of the case provides that the "decision of an appellate court establishes the law of the case for the trial upon remand and for the appellate court itself upon subsequent review." *Washington v. State*, 278 Ark. 5, 7, 643 S.W.2d 255 (1982) (citing *Mayo v. Ark. Valley Trust Co.*, 137 Ark. 331, 209 S.W. 276 (1919)). Although we noted in *Washington* that the doctrine is not inflexible and does not absolutely preclude correction of error, *id.* (citing *Ferguson v. Green*, 266 Ark. 556, 557, 587 S.W.2d 18 (1979)), we have also held that the doctrine prevents an issue raised in a prior appeal from being raised in a subsequent appeal "unless the evidence materially varies between the two appeals." *Fairchild v. Norris*, 317 Ark. 166, 170, 876 S.W.2d 588 (1994). We adhere to this doctrine to preserve consistency and to avoid reconsideration of matters previously decided. *Id.* Significantly, the doctrine extends to issues of constitutional law. *Id.*; *Findley v. State*, 307 Ark. 53, 818 S.W.2d 242 (1991).

■ Here, there is neither an allegation for correction of an error nor of evidence that materially varies from the prior appeal. Kemp merely reargues the merits of his former constitutional challenges to the victim–impact statute. Kemp's argument that the statute is void for vagueness and is unconstitutional, substantively and procedurally, facially and as applied, was addressed and rejected by this court in his prior appeal. Likewise, we considered and rejected Kemp's argument that the statute violates due process and the protection against cruel and unusual punishment because it does not give sufficient guidance to the jury and judge about how to consider such evidence. Pursuant to the law–of–the–case doctrine, we hold that the appellant's arguments provide no basis for relief in the instant appeal.

## II.   Other issues

On appeal, Kemp also discusses several issues that he raised at the resentencing trial and that were adversely ruled upon by the trial court, including a ruling authorizing the appellant's shackling at trial, overruled voir dire objections, a proffered but rejected jury instruction on mercy, a denied directed–verdict motion, and other preserved guilt–phase claims. First, Kemp acknowledges that although the trial court authorized his shackling during the trial, Kemp was never actually shackled. Given the lack of prejudice, the issue is moot. Second, Kemp raised some objections during jury voir dire but admits that he did not exhaust his peremptory challenges and announced that his jury was satisfactory. Similarly, this point is moot.

■ Third, Kemp contests the trial court's rulings on several objections previously considered and rejected by this court in Kemp's prior appeal. For example, the trial court overruled Kemp's proposed jury instruction, based upon the authority of *Duncan v. State*, 291 Ark. 521, 728 S.W.2d 653 (1987), permitting the jury to show mercy. This court considered and rejected this argument in the prior appeal, and the law–of–the–case doctrine controls. *See Kemp*, 324 Ark. at 206–07; *Fairchild*, 317 Ark. at 170. Accordingly, we will not revisit this point in the instant appeal.

Likewise, we decline to consider Kemp's objection to the admission of autopsy photographs previously introduced at the original trial and whose introduction this court affirmed in his prior appeal. Notably, Kemp also concedes that the resentencing statute permits the photographs' reintroduction. Similarly, Kemp again objects to the sufficiency of the aggravator concerning "risk of death." We rejected this argument in the prior appeal, and the law-of-the-case doctrine controls. *See id.* at 208.

Fourth, Kemp moved for a mistrial based upon the prosecuting attorney's expression of opinion during closing argument. Specifically, the appellant objected to the prosecutor's remark: "And I think that is one of the most telling things about this defendant." Although the trial court denied the motion for mistrial, he granted the request for an admonition to the jury. Kemp also objected to the prosecutor's statement: "So I know that when you go back with these forms and you check . . . ." The trial court again overruled appellant's objection.

■ ■ This court has long held that a mistrial is an extreme remedy that is rarely granted and only when an error is so prejudicial that justice cannot be served by continuing the trial. A mistrial should only be ordered when the fundamental fairness of the trial itself has been manifestly affected. *Kemp*, 324 Ark. at 198 (citing *King v. State*, 317 Ark. 293, 297, 877 S.W.2d 583 (1994)). Moreover, the trial court has wide discretion in granting or denying a motion for mistrial. Except where there is an abuse of discretion or manifest prejudice to the complaining party, we will not disturb the trial court's discretion. *Id.* Generally, an admonition to the jury cures a prejudicial statement unless it is so "patently inflammatory" that justice could not be served by continuing the trial. *Id.* Significantly, we noted in *Kemp* that attorneys are given leeway in closing remarks. *Id.* (citing *Bowen v. State*, 322 Ark. 483, 906 S.W.2d 681 (1995)). Here, we conclude that the prosecutor's comments were harmless, and, in any event, the trial court's admonition to the jury cured any prejudice.

### III. Rule 4-3(h)

In accordance with Ark. Sup. Ct. Rule 4-3(h), the record has been reviewed for adverse rulings objected to by appellant but not argued on appeal, and no reversible errors were found. In light of the foregoing, we affirm the appellant's three death sentences.

Affirmed.