Altricia MUHAMMAD *v.* STATE of Arkansas

CA CR 97-1048                                         998 S.W.2d 763

Court of Appeals of Arkansas
Division I
Opinion delivered September 15, 1999

*Alvin Schay*, for appellant.

*Mark Pryor*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Chief Judge. Altricia Muhammad appeals her conviction for possession of a controlled substance, crack cocaine, for which she was sentenced to ten years in prison. She argues on appeal that the trial court erred in denying her motion to dismiss. We disagree and affirm.

The facts elicited at trial were as follows. On February 18, 1995, appellant was a passenger in a car driven by L.E. Kennell. They were just outside Gurdon at approximately 12:20 a.m. when their car was spotted driving well over the speed limit. An officer attempted to stop them, but it required a five- to six-mile chase at over 130 miles per hour before the car was stopped. Once blockaded, appellant and the driver were removed from the car, and the officer summoned an ambulance for the appellant, who was hyperventilating. Medical personnel located marijuana in her pocket, and she was given a citation for misdemeanor possession of a controlled substance on that date. Crack cocaine was found on the console, in the passenger seat, and on the driver's side floorboard inside the vehicle; a plastic bag and scales were also retrieved. The misdemeanor citation was docketed on April 5, 1995.

Kennell was charged with possession with intent to deliver cocaine. Appellant went to the office of an attorney and signed an affidavit on May 11, 1995, stating that the crack cocaine was hers

and unknown to Kennell. She testified to the same at Kennell's trial on June 24, 1995, stating that she realized she would probably be charged based upon her testimony at this trial. On July 24, 1995, appellant was, as she suspected, charged with possession of crack cocaine. She filed a motion to dismiss based upon double jeopardy, which was denied after a hearing on that motion on May 10, 1996. A jury convicted her of the offense, and she received a ten-year sentence. This appeal resulted. Because there was no error, we affirm.

Neither we nor our supreme court has articulated the standard of review to be applied on appeal of a double jeopardy issue. We are guided, however, by the persuasive authority of federal and sister state decisions that have addressed this issue. It has been held that, when reviewing a denial of a motion to dismiss for violation of the Double Jeopardy Clause, typically a question of law, a *de novo* review should be conducted. *See United States v. Brekke*, 97 F.3d 1043 (8th Cir. 1996); *United States v. Ivory*, 29 F.3d 1307 (8th Cir. 1994); *United States v. Allen*, 984 F.2d 940 (8th Cir. 1993). It has also been held that when the analysis presents itself as a mixed question of law and fact, the factual determinations made by the trial court are given due deference and are not reversed unless clearly erroneous, *see Garrity v. Fielder*, 41 F.3d 1150, 1151 (7th Cir. 1994); *Utah v. Mendoza*, 938 P.2d 303 (Utah 1997); *State v. Thurman*, 846 P.2d 1256, 1271 (Utah 1993). However, the trial court's ultimate conclusion that the Double Jeopardy Clause was or was not violated is reviewed *de novo*, with no deference. *See id.* Consequently, we hold that on review of a double jeopardy issue, where the issue is a question of law, we review the question *de novo*, as we do on review of any question of law, and simply apply the applicable law. If the double jeopardy issue involves a question of fact or a mixed question of law and fact, then we conduct a *de novo* review but give deference to the trial court's credibility determination of the evidence and do not reverse factual findings unless they are clearly erroneous.

Many of the general principles underlying the Double Jeopardy Clause are analyzed in *United States v. DiFranscesco*, 449

U.S. 117 (1980), where the Court noted that the guarantee against double jeopardy consists of three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. It is the second protection that appellant seeks to invoke, but her argument is not well founded.

▆▆▆▆ To the extent that appellant argues that she had already been prosecuted in municipal court for possession of crack cocaine, her argument is misplaced. Possession of a controlled substance, namely cocaine, is considered a Class C felony and could not have been adjudicated in municipal court. Municipal courts do not have jurisdiction to render final judgments on felony charges. *Sherman v. State*, 326 Ark. 153, 931 S.W.2d 417 (1996); *Archer v. Benton County Circuit Court*, 316 Ark. 477, 872 S.W.2d 397 (1994). This is known as the "jurisdictional exception" to the double jeopardy bar. The "jurisdiction exception" was stated in *Diaz v. United States*, 223 U.S. 442, 449 (1912), as follows:

> [T]he justice of the peace, although possessed of jurisdiction to try the accused for assault and battery, was without jurisdiction to try him for homicide; and, of course, the jeopardy incident to the trial before the justice did not extend to an offense beyond his jurisdiction. All that could be claimed for that jeopardy was that it protected the accused from being again prosecuted for the assault and battery, and therefore required that the latter be not treated as included, as a lesser offense, in the charge of homicide. . . . It follows that the plea of former jeopardy disclosed no obstacle to the prosecution for homicide.

The municipal judge who tried appellant on her citation for possession of a controlled substance stated that he had no jurisdiction to try a felony; he stated that he did not try crack cocaine charges in his municipal court. The docket reflected the same charge and disposition that he usually gave for a possession of less than one ounce of marijuana. The officer who gave her the citation stated that the ticket was for marijuana possession. Double jeopardy does not attach when a former prosecution was conducted in a

court lacking jurisdiction over the offense. Ark. Code Ann. § 5-1-115(1) (Repl. 1997); *Sherman v. State, supra; Archer v. Benton County Circuit Court, supra; Long v. State*, 284 Ark. 21, 680 S.W.2d 686 (1984).

■ Alternately, appellant argues that the State did not sufficiently demonstrate to her that she was being charged with two separate offenses. However, appellant admitted in Kennell's trial that she had pled guilty in Gurdon Municipal Court to her only charge of marijuana possession. Her words were "It was mine and I was only charged with the marijuana. . . . Yes, I know I'm about to be charged." The attorney who had represented appellant in municipal court was also called as a witness and corroborated that appellant had been charged with misdemeanor possession of marijuana in Gurdon Municipal Court. This testimony was admitted during the hearing on the motion to dismiss. Further, the docket sheet noting the municipal court conviction listed "Possession of a Controlled Substance (up to 1 oz.)." Marijuana is typically listed in ounces, while cocaine is typically listed in grams. *See, e.g.*, Ark. Code Ann. § 5-64-401(d) (Repl. 1997). Because the State sufficiently demonstrated that she was charged with two distinct offenses and that her claim of ignorance was without credibility, her argument fails. The trial court's denial of appellant's motion to dismiss on double jeopardy grounds was not clearly erroneous.

Affirmed.

BIRD and ROAF, JJ., agree.