James BROWN *v.* STATE of Arkansas

CA CR 99-1092 47 S.W.3d 314

Court of Appeals of Arkansas
Divisions I, II, and III
Opinion delivered June 27, 2001

*B. Kenneth Johnson*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey Weber*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. James Brown appeals from his convictions for second-degree battery and committing a terroristic act. His points for reversal are: 1) his convictions on both charges arose from the same conduct and constitute double jeopardy, 2) the State failed to prove that he caused serious physical injury to the victim, and thus the trial court erred in denying his motions for directed verdict, and 3) the trial court erred in denying his motion for a mistrial. We find no error and affirm.

On October 27, 1997, appellant allegedly fired multiple shots from a rifle into a van that was being driven by his wife, Shirley Brown. He was charged with first-degree battery, a Class B felony (count 1), and committing a terroristic act, a Class Y felony (count 2), with regard to Shirley Brown.[1]

At the close of the State's case and at the close of all of the evidence, appellant moved for a directed verdict, asserting that the State failed to prove that Mrs. Brown suffered serious physical injury. He also moved at the close of the evidence to compel the State to elect between counts 1 and 2 so as to identify which alleged offense it wished to proceed on with regard to Mrs. Brown. Appellant argued that both charges were based on the same conduct. The trial court denied appellant's motions.

The trial court instructed the jury regarding first, second, and third-degree battery and committing a terroristic act. The jury retired, deliberated, and found appellant guilty of second-degree battery and committing a terroristic act. During the sentencing phase, the jury sent several notes to the trial judge questioning its sentencing options. Appellant moved for a mistrial, arguing that the jury was confused. The trial court denied the motion. Appellant was sentenced to serve 120 months for his conviction for committing a terroristic act, and was ordered to pay a $1.00 fine for second-degree battery.

---

[1] He was also charged and found guilty of another count of committing a terroristic act with respect to a second victim (count 3). Appellant appeals only his convictions for counts 1 and 2 involving Mrs. Brown.

*Arguments Not Preserved for Appeal*

Although appellant raises his double-jeopardy argument first, preservation of the appellant's right to freedom from double jeopardy requires us to examine the sufficiency of the evidence before we review trial errors. *See Byrum v. State*, 318 Ark. 87, 884 S.W.2d 248 (1994). Appellant argued in his motion for a directed verdict that the State failed to prove that he caused serious physical injury to Mrs. Brown, proof of which was necessary to sustain a conviction for both first-degree battery and a Class Y conviction for committing a terroristic act. The State maintains that appellant's argument is not preserved for appeal because he did not properly challenge the sufficiency of the evidence with regard to the elements of second-degree battery.

We agree. Appellant was originally charged with first-degree battery, but the jury was instructed with regard to first, second, and third-degree battery. First-degree battery requires proof of purposefully causing serious physical injury to another by means of a deadly weapon. *See* Ark. Code Ann. § 5-13-201 (a)(1) (Repl. 1997). Second-degree battery is a lesser-included offense of first-degree battery, and may be shown by proof of either purposefully causing physical injury to another, purposely causing serious physical injury to another person by means of a deadly weapon, or by recklessly causing physical injury to another person by means of a deadly weapon. *See* Ark. Code Ann. §§ 5-13-202(a)(1)-(3).

■ Under Arkansas law, in order to preserve for appeal the sufficiency of the evidence to support a conviction of a lesser-included offense, a defendant's motion for a directed verdict must address the elements of the lesser-included offense. *See Moore v. State*, 330 Ark. 514, 954 S.W.2d 932 (1997); *Webb v. State*, 328 Ark. 12, 941 S.W.2d 417 (1997). Appellant moved for a directed verdict only on the ground that there was insufficient proof of serious physical injury and did not address the remaining elements under the second-degree battery statute. Therefore, we hold that his challenge to the sufficiency of the evidence is not preserved for appeal.

■ Similarly, we hold that appellant's argument that his convictions for both committing a terroristic act and second-degree battery violate Arkansas Code Annotated section 5-1-110(4) and (5) (Repl. 1997) is not preserved for appeal. Subsection (a)(4) provides that a defendant may not be convicted of more than one offense if the offenses differ only in that one is designed to prohibit a designated kind of conduct generally and the other offense is

designed to prohibit a specific instance of that conduct. Subsection (a)(5) provides that a defendant may not be convicted of more than one offense "if the conduct constitutes an offense defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses."

■ Appellant argues in his brief that the second-degree battery statute specifically prohibits individuals with various mental states from causing injury to other persons, whereas the statute prohibiting the commission of a terroristic act prohibits the general act of shooting or projecting objects at structures and conveyances in order to protect both the property and the occupants. He further argues that, pursuant to section (a)(5), that the single act of shooting was a continuing course of conduct. However, appellant did not raise these specific objections below and we decline to address issues raised for the first time on appeal. *See Breedlove v. State*, 62 Ark. App. 219, 970 S.W.2d 313 (1998).

## Sufficiency of the Evidence

We do address, however, the sufficiency of the evidence as to serious physical injury as it relates to committing a terroristic act, Class Y felony. This crime is defined in Ark. Code Ann. § 5-13-310 (Repl. 1997), and the jury was instructed to consider the following relevant portions of that statute:

(a) For purposes of this section, a person commits a terroristic act when, while not in the commission of a lawful act:

(1) He shoots at or in any manner projects an object with the purpose to cause injury to persons or property at a conveyance which is being operated or which is occupied by passengers[.]

. . . .

(b)(2) Any person who shall commit a terroristic act as defined in subsection (a) of this section shall be deemed guilty of a Class Y felony if the person, with the purpose of causing physical injury to another person, causes serious physical injury or death to any person.

■ A motion for directed verdict challenges the sufficiency of the evidence. *Ayers v. State*, 334 Ark. 258, 268, 975 S.W.2d 88, 93 (1998). On review, the appellate court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the appellee and affirms if there is substantial evidence to support the conviction. *Wilson v. State*, 56 Ark. App. 47, 48, 939 S.W.2d 313, 314 (1997). Substantial evidence is that which has sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Smith v. State*, 337 Ark. 239, 241, 988 S.W.2d 492, 493 (1999). Only evidence that supports the conviction will be considered. *McDole v. State*, 339 Ark. 391, 396, 6 S.W.3d 74, 77 (1999).

■ ■ Serious physical injury is an injury that "creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ." Ark. Code Ann. § 5-1-102(19) (Repl. 1997). Ms. Brown testified that she was hit by gunfire in the buttocks area; that, as a result, part of her intestine was removed; that she had to wear a colostomy bag for three months after the shooting; that she stayed in the hospital for nine days; and that she incurred nearly $30,000 in medical expenses. Not only did she lose part of a bodily organ, her intestine, but she lost function, as well, to such an extent that she needed a colostomy bag for three months. That is substantial evidence of serious physical injury. *See also Henderson v. State*, 291 Ark. 138, 722 S.W.2d 842 (1987). Moreover, whether injuries are temporary or protracted is a question for the jury. *Lum v. State*, 281 Ark. 495, 499, 665 S.W.2d 265, 267 (1984); *Harmon v. State*, 260 Ark. 665, 670, 543 S.W.2d 43, 46 (1976). The trial court properly denied the appellant's motion.

*Double Jeopardy*

At the close of the State's case, appellant's attorney made the following argument:

> [W]e are at the point in this trial where the State must choose whether it's going forth with battery in the first degree and terroristic act. But the terroristic act count involving Mrs. Brown ... is based upon the same or – well, actually the same facts and circumstances as the battery in the first-degree charge, the distinction being one is a Class [B] felony and one is a Class Y.

> In other words, the same facts that you would use to convict someone of battery in the first-degree and the facts in this case are identical to those that you would use for a terroristic act.

At the conclusion of the evidence, appellant's attorney renewed his plea to the trial judge:

> We would move to dismiss, again and renew our motion stating that the terroristic act, the count describing the terroristic act, is a duplicate or duplicative of the first degree battery charges in-on the facts of this case; that in effect we are trying this man, we would be submitting it to the jury on two counts that would require the same identical facts for a conviction.

> . . . .

> [I]t's unfair to the defendant to-to have it submitted to the jury on both counts, when he could be convicted of both counts, when, in reality, it's one set of facts and one act and one act only.

While not expressly stated, it is implicit that appellant's counsel argued that he was being prosecuted twice based upon the same conduct. He maintains that the offense of committing a terroristic act includes all of the elements of committing second-degree battery.[2] Therefore, he argues, second-degree battery is a lesser-included offense of committing a terroristic act, and he cannot be prosecuted under both charges.

We disagree with appellant's argument. An accused may be charged and prosecuted for different criminal offenses, even though one offense is a lesser-included offense, or an underlying offense, of another offense. *Hill v. State*, 325 Ark. 419, 931 S.W.2d 64 (1996). However, a defendant so charged cannot be convicted of both the greater and the lesser offenses. *Id.*; *see also* Ark. Code Ann. § 5-1-110(a) (Repl. 1993). Under the statute, the trial court should enter the judgment of conviction only for the greater conviction. *See Hill v. State*, 314 Ark. 275, 862 S.W.2d 836 (1993). The trial court is clearly directed to allow prosecution on each charge. *Id.* It is when the jury returns guilty verdicts that the defense should

---

[2] The State initially argues that this court cannot review the element's of second-degree battery because appellant did not abstract the second-degree battery instruction. However, each of the battery instructions, including the second-degree battery instruction, is clearly abstracted in appellant's brief.

move the trial court to limit the judgment of conviction to one charge. *Id.* "Only at that time will the trial court be required to determine whether convictions can be entered in both cases." *Id.* at 282. In the instant case, rather than waiting until the jury returned its verdicts and moving the trial court to limit conviction to only one charge, appellant attempted to prematurely force a selection on the State. The trial court did not err in denying his motions at the times that they were presented.

 Even were we to consider appellant's double-jeopardy argument on the merits, we would hold that no violation occurred. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects a defendant from: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See Muhammed v. State*, 67 Ark. App. 262, 998 S.W.2d 763 (1999). Appellant premises his argument on (3). It appears that appellant presumes that the only finding that could reasonably be reached from the evidence was that Mrs. Brown was shot only once. Therefore, for this one act, appellant is being punished twice.

We disagree because the State, in both its opening and closing statements, told the jury that it intended to prove, and did prove, that Mr. Brown fired multiple shots at Mrs. Brown's van and that Mrs. Brown was personally hit twice. The State introduced evidence of this through the testimony of the victim, Mrs. Brown. Consequently, appellant's convictions for second-degree battery and committing a terroristic act are not constitutionally infirm because they are based on two separate criminal acts.

 Our supreme court held in *McLennan v. State*, 337 Ark. 83, 987 S.W.2d 668 (1999), that committing a terroristic act is not a continuous-course-of-conduct crime. That is, when multiple shots are fired, each shot poses a separate and distinct threat of serious harm to any individual within their range. Each of the defendant McLennan's shots required a separate conscious act or impulse in pulling the trigger and was, accordingly, punishable as a separate act. *Id.* McLennan was convicted of three counts of committing a terroristic act for firing a handgun three, quick, successive times into his former girlfriend's kitchen window, though no one was injured. The supreme court stated that had he fired his weapon and injured or killed three people, "there is no question that multiple charges would ensue." *Id.* at 89.

Likewise, in the instant appeal, the jury was presented with evidence from which it could conclude that Mr. Brown fired at least nine rounds from the vehicle he was driving, blowing out the windshield of his own vehicle, causing multiple gunshot holes and damage to the back, side, and front of Mrs. Brown's van, and successfully hitting his wife's body twice with gunfire. Indeed, Mr. Brown testified before the jury that he was not trying to tell them that this course of events did not happen; he just wanted them to take into consideration why it happened, which was because he was angry at her for having an affair with a co-worker and he just "snapped." It was for the jury to conclude what exactly occurred that day. Thus, each of the two bullets that penetrated Mrs. Brown would comport with each of the two guilty verdicts that the jury rendered. Thus, the prohibition against double jeopardy was not violated in this case.

## Motion for Mistrial

During the sentencing phase of the trial, the jury sent four notes to the trial court. The first note concerned count 3, which is not part of this appeal. The second note asked what the minimum fine was for first-degree battery and committing a terroristic act. The third note asked with regard to committing a terroristic act (count 2) whether appellant could be sentenced to probation, a suspended sentence, or to a term fewer than ten years. The fourth note asked, with regard to count 2, what would happen if the jury failed to agree to a prison sentence. Appellant moved for and renewed a motion for mistrial based on the jury's confusion with regard to its sentencing options, also arguing that the notes indicated that he was not receiving a fair and impartial trial. The trial court denied his motions.

Appellant maintains that the jury tried to refuse sentencing and attempted to sentence him outside the statutory minimums. He argues that the only option left by the trial court was to either grant a mistrial or "force" the jury to sentence him to serve ten years, the minimum sentence for a Class Y felony. After appellant was sentenced, a handwritten note signed by all twelve jurors was delivered to the trial court recommending that count 2 be reduced or suspended. He argues this is "compelling evidence" that he did not receive a fair trial. The State maintains that appellant has not produced a record by which it is apparent that he suffered prejudice as a result of the questions asked by the jurors. *See Gatlin v. State*, 320 Ark. 120, 895 S.W.2d 526 (1995).

■ It is well-settled that a mistrial is an extreme remedy that should be granted only when the error is beyond repair and cannot be corrected by curative relief. *See Marta v. State*, 336 Ark. 67, 983 S.W.2d 924 (1999); *Rychtarik v. State*, 334 Ark. 492, 976 S.W.2d 374 (1998); *Willis v. State*, 334 Ark. 412, 977 S.W.2d 890 (1998). Our supreme court has held that a mistrial is a drastic remedy which should only be used when there has been an error so prejudicial that justice cannot be served by continuing the trial, or when fundamental fairness of the trial itself has been manifestly affected. *See Peeler v. State*, 326 Ark. 423, 932 S.W.2d 312 (1996). The trial court has wide discretion in granting or denying a motion for a mistrial, and the appellate court will not disturb the court's decision absent an abuse of discretion or manifest prejudice to the movant. *See Kemp v. State*, 335 Ark. 139, 983 S.W.2d 383 (1998).

It was appellant's burden to produce a record demonstrating that he suffered prejudice. *See Gatlin v. State, supra.* As the State argues, appellant has failed to do so. The trial court apparently refused to inform the jury that they could suspend appellant's sentence or place him on probation. However, the trial court did not err in this regard, as a court cannot suspend imposition of a sentence or place a defendant on probation for Class Y felonies. *See* Ark. Code Ann. § 5-4-301 (a)(1)(C).

■ It is obvious from the record that the jury was sympathetic toward appellant and was searching for a legal method by which to show him leniency. The record simply demonstrates that the trial judge properly did not allow the jury to attempt to sentence appellant to a term less than the statutory minimum or to a condition such as probation or a suspended sentence that is statutorily prohibited. Appellant cannot demonstrate prejudice under these circumstances. Therefore, we hold that the trial court did not err in refusing to grant appellant's motion for a mistrial.

Affirmed.

JENNINGS, CRABTREE, and BAKER, JJ., agree.

PITTMAN, J., concurs.

HART, GRIFFEN, NEAL, and ROAF, JJ., dissent.

JOHN MAUZY PITTMAN, Judge, concurring. I concur in the decision to affirm appellant's convictions. However, I do not join that part of the majority opinion that applies *McLennan v. State,*

337 Ark. 83, 987 S.W.2d 668 (1999), and holds that appellant's convictions and sentences for both Class Y terroristic act and second-degree battery do not violate the prohibition against double jeopardy. I do not think that it is necessary for us to reach the merits of that question.

Appellant argues under section (C) of his first point that the trial court erred in submitting both alleged offenses to the jury, and in ultimately entering judgments of conviction and sentences for both, because the battery was a lesser-included offense of the terroristic act. Both the timing and content of appellant's objections and motions at trial show that they were directed at forcing the State to elect between the two offenses before submission of the case to the jury and to prevent the jury from being instructed on both offenses.[1] However, appellant was entitled to neither form of relief. It was only if and when the jury returned guilty verdicts on both offenses that the trial court would be required to determine whether convictions could be entered as to both. *See* Ark. Code Ann. § 5-1-110(a)(1) (Repl. 1997); *Hill v. State,* 314 Ark. 275, 281-82, 862 S.W.2d 836, 839-40 (1993) (trial court's decision to deny motions, made both prior to and during trial, to dismiss one of two charges on double-jeopardy grounds "was eminently correct as the issue was presented"; State may charge and prosecute on multiple offenses in single prosecution without offending prohibition against double jeopardy); *see also Ohio v. Johnson,* 467 U.S. 493, 500 (1984) (even where Double Jeopardy Clause of federal constitution bars cumulative punishment for a group of offenses, "the Clause does not prohibit the State from prosecuting [the defendant] for such multiple offenses in a single prosecution"). Here, after the jury returned with guilty verdicts on both offenses, appellant said nothing. Nor did he thereafter move to set aside one of the convictions. Therefore, to the extent that appellant now argues that the jury should not have been instructed on both offenses, he is wrong. To the extent that he argues that the trial court should not have entered judgments of conviction and imposed sentences as to both offenses, it is my opinion that the issue is not preserved for appeal,[2] and I express no opinion on the question.

---

[1] Appellant's first statement on the subject at trial came at the close of the State's case-in-chief and began, "[W]e are at the point in this trial where the State must choose whether it's going forth with battery . . . [or] terroristic act." His last comments came at the close of his own case-in-chief, before the jury was instructed, and concluded, "[I]t's unfair to the defendant to - to have it submitted to the jury on both counts, when he could be convicted of both counts, when, in reality, it's one set of facts and one act and one act only."

[2] It is important to note that the supreme court in *Hill* reversed Hill's conviction on different grounds, not on the double-jeopardy argument. Indeed, had the supreme court

WENDELL L. GRIFFEN, Judge, dissenting. Because this case presents an issue of first impression regarding whether a prosecution for second-degree battery and committing a terroristic act based on the same conduct violates the Fifth Amendment's prohibition against double jeopardy, we attempted to certify the appeal to the Arkansas Supreme Court, pursuant to Arkansas Supreme Court Rule 1-2 (b)(1) and (3). The supreme court declined to accept the case. Given the applicable federal case law governing double jeopardy, and because there is no clear legislative intent indicating that the offenses are to be punished cumulatively, pursuant to *Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000), I would reverse appellant's conviction on the ground that his prosecution for both offenses constituted double jeopardy. Thus, I respectfully dissent.

The majority opinion purports to address appellant's double jeopardy argument by a reasoning process that is as fanciful as it is convoluted. First, the majority holds that the trial court did not err when it denied appellant's motion at the close of the State's case and at the close of all of the evidence to require the State to elect whether to submit the first degree-battery or the terroristic-act charge to the jury. That holding is based on the erroneous view that, pursuant to *Hill v. State*, 314 Ark. 275, 862 S.W.2d 836 (1996), appellant's motions were untimely because they were made before the jury returned guilty verdicts on both charges. However, *Hill* does not stand for the proposition that an appellant's constitutional double-jeopardy argument is procedurally barred because he does not wait until the jury returns both verdicts to move the trial court to limit the conviction to only one charge.

---

found reversible error on double-jeopardy grounds, it would have reversed and dismissed the conviction and sentence for the less serious offense. *See Akins v. State*, 278 Ark. 180, 644 S.W.2d 273 (1983); *Wilson v. State*, 277 Ark. 219, 640 S.W.2d 440 (1982); *compare State v. Montague*, 341 Ark. 144, 14 S.W.3d 867 (2000) (conviction affirmed and double-jeopardy argument not addressed on appeal where no timely and appropriate objection was made in the trial court; court of appeals reversed). The discussion in *Hill* of the procedure to follow on remand regarding the double-jeopardy issue appears only because there was going to be a new trial on account of the other grounds, there was a possibility that multiple findings of guilt might again occur, and the supreme court was providing "guidance [to] the trial court upon retrial." *Hill*, 314 Ark. at 279, 862 S.W.2d at 838. While the dissenting judges maintain that *Hill* does not support the position that appellant's double-jeopardy argument is procedurally barred, they offer no explanation for how the trial judge's decision to deny the motions could be "eminently correct," as the supreme court found in the comparable case of *Hill*, and at the same time constitute reversible error, as the dissenting judges in this case would hold.

In *Hill*, the appellant made a pretrial motion requesting the trial court dismiss one of the charges on double jeopardy grounds and orally renewed the motion *during trial*. He argued that his conduct constituted a continuing course of conduct under Arkansas Code Annotated 5-1-110(a)(5) (Repl. 1997). The *Hill* court reversed and remanded on other grounds, but stated that the trial court correctly denied appellant's motions. *See id.* at 281, 862 S.W.2d at 839. The court also noted in *dicta*, that under section 5-1-110(a), the jury may find a defendant guilty of a greater and lesser offense, and if so, the trial court should enter the judgment of conviction only for the greater conviction. Finally, the *Hill* court noted that upon remand, if the defendant was convicted of both charges, he would likely move to limit the judgment of conviction to one charge and at that time, the trial court would be required to determine whether convictions could be entered on both charges. *See id.* at 314, 862 S.W.2d at 840.

The majority asserts that appellant's double jeopardy argument on appeal is procedurally barred. However, the *Hill* court did not find that appellant's double jeopardy argument was barred where he made a pretrial motion and orally renewed the motion during the trial. While *Hill* may stand for the unremarkable proposition that the trial court may allow the prosecution to proceed on both charges and is not required to limit the conviction to the greater offense until the jury returns with verdicts on both charges, it does not support the majority's position that appellant's double jeopardy argument is procedurally barred because he did not wait until the jury returned both verdicts to move the trial court to limit the conviction to only one charge.

Nevertheless, even though the majority holds that appellant's argument is procedurally barred, it asserts that "[e]ven were we to consider appellant's double-jeopardy argument on the merits, we would hold that no violation occurred." Proceeding from the State's contentions and proof that appellant "fired multiple shots at Mrs. Brown's van and that Mrs. Brown was personally hit twice," the majority opinion concludes that "appellant's convictions for second-degree battery and committing a terroristic act are not constitutionally infirm because they are based on two separate criminal acts."

The majority then treats appellant's double-jeopardy argument as if the dispositive issue is whether committing a terroristic act is a continuous-course-of-conduct crime, pursuant to *McLennan v. State*, 337 Ark. 83, 987 S.W.2d 668 (1999). Even a cursory reading of *McLennan* reveals that the case does not support the majority's

double jeopardy argument. In that case, the appellant argued that his conviction on multiple counts of committing a terroristic act–rather than a single count–violated his Fifth Amendment double jeopardy right. The supreme court rejected that argument because committing a terroristic act is not a continuing-course-of-conduct crime. Justice Smith's opinion is crystal clear on this subject:

> Appellant contends that a violation of Ark. Code Ann. § 5-13-310 "Terroristic Act" is a continuing-course-of-conduct crime which should limit the charges against him under this statute to one charge for shooting into the apartment three times. . . Nothing in this statute defines this crime as being a continuous-course-of-conduct crime, or even gives the impression that it was created with such a purpose. . . There is no question that one shot would be sufficient to constitute the offense. *Multiple shots, particularly where multiple persons are present, pose a separate and distinct threat of serious harm for each shot to any individual within their range. Moreover, had appellant fired his weapon and injured or killed three people there is no question that multiple charges would ensue. Each of appellant's shots required a separate conscious act or impulse in pulling the trigger and is accordingly punishable as a separate offense.*

*Id.* at 337 Ark. 89, 987 S.W.2d at 671-72 (emphasis added). The majority now cites *McLennan* in rejecting appellant's double jeopardy argument by asserting that "each of the two bullets that penetrated Mrs. Brown would comport with each of the two guilty verdicts that the jury rendered. Thus, the prohibition against double jeopardy was not violated in this case."

The issue before us is fundamentally different from that presented in *McLennan* because the charges are different. When Justice Smith wrote in *McLennan* that "there is no question multiple charges would ensue," he plainly referred to *multiple counts of the same terroristic act charge*, not separate charges for entirely different offenses. The appellant in this case was *not* convicted of multiple counts of committing a terroristic act with regard to shooting his wife. He was charged with first-degree battery, a Class B felony (count 1), and committing a terroristic act, a Class Y felony (count 2). He was convicted of second-degree battery, plainly a lesser-included-offense of first-degree battery. *McLennan* provides no authority for the majority's double jeopardy argument because the charges for which the instant appellant was convicted are different from the charges in the *McLennan* case.

Moreover, there has been no legislative or judicial determination prior to this case that second-degree battery is a lesser-included offense of committing a terroristic act. Yet, the majority's position is premised on the unresolved issue of whether second-degree battery is a lesser-included offense. The majority states: "[A]n accused may be charged and prosecuted for *different criminal offenses*, even though one offense is a lesser-included offense, or an underlying offense, of another offense. . . However, a defendant so charged cannot be convicted of both the greater and the lesser offenses." (Emphasis added.) The majority characterizes the offenses in whatever manner best suits its analysis. It acknowledges that the offenses are separate for purposes of implying that one offense is a lesser- included offense, but simultaneously attempts to treat them as multiple charges of the same offense when attempting to apply *McLennan.*

The majority's reasoning in this regard is untenable for at least two reasons. First, the majority appears to set new precedent without expressly doing so. In addition, if second-degree battery is a lesser-included offense of committing a terroristic act, as the majority implies, then the majority must concede that appellant's double jeopardy rights have been violated because appellant clearly could not be convicted of both offenses, as the majority opinion acknowledges in citing *Hill v. State*, 325 Ark. 419, 931 S.W.2d 64 (1996).

The majority's reliance on *McLennan* is especially troublesome because it also implies that appellant's double jeopardy rights could only be violated if he had been convicted of both charges based on a single bullet entering his wife's vehicle and striking her. The majority states: "Thus, each of the two bullets that penetrated Mrs. Brown would comport with each of the two guilty verdicts that the jury rendered. Thus, the prohibition against double jeopardy was not violated in this case." Nothing in the *McLennan* opinion supports that notion, nor does the majority opinion offer any other authority for it.

In sum, it appears that the majority has strained to affirm appellant's convictions of second-degree battery and committing a terroristic act by virtue of a flawed reasoning process and by relying on inapposite or nonexistent legal authority. The majority deems appellant's double jeopardy argument procedurally barred because his motions to compel the State to elect which charge it would proceed upon were untimely. *Hill v. State, supra,* clearly does not stand for the proposition that the majority asserts. Moreover, the majority analyzes appellant's double jeopardy challenge on the merits using the assumption that second-degree battery is a lesser-

included offense of committing a terroristic act. The majority impliedly does so with no authority for its conclusion. Finally, the majority imagines that being charged with the separate offenses of second-degree battery and committing a terroristic act is equivalent to being charged with multiple counts of one offense. That the majority opinion relies upon *McLennan* while so clearly recognizing that the appellant in this case has been not been charged with multiple counts of the same offense demonstrates the extraordinary lengths taken to justify a result I consider troublesome and unfair.

Further, the majority completely fails to apply the correct legal standard, because it failed to determine the legislative intent governing a defendant's conviction under both statutes at issue in this case. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects a defendant from: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See Muhammed v. State*, 67 Ark. App. 262, 998 S.W.2d 763 (1999). The applicable rule under *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932), is that:

> where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not . . . . 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'

(Citations omitted.) Appellant was convicted of second-degree battery and committing a terroristic act. Pursuant to *Blockburger*, unless each of these offenses requires proof of an additional fact that the other does not, appellant's double jeopardy rights were violated.

A person commits second-degree battery under Arkansas Code Annotated section 5-13-202 (Supp. 1999) if:

> (a)(1) With the purpose of causing physical injury to another person, he causes serious physical injury to any person;

. . .

(a)(3) He recklessly causes serious physical injury to another person by means of a deadly weapon.

Second-degree battery is a Class D felony. *See* Ark. Code Ann. § 5-13-202(b) (Supp. 1999).

A person commits a terroristic act under Arkansas Code Annotated section 5-13-310 (Repl. 1997) if "[h]e shoots at or in any manner projects an object with the purpose to cause injury to persons or property at a conveyance which is being operated or which is occupied by passengers." Subsection (a)(2) defines this offense as a Class Y felony if the act is committed with the purpose of causing physical injury to another person, and causes serious physical injury or death to another person. Otherwise, the offense is a Class B felony under subsection (b)(1). Appellant was convicted of a Class Y felony because he shot the victim while she was in her car. Therefore, the double jeopardy analysis must be restricted to the elements of establishing second-degree battery and committing a Class Y terroristic act.

The offense of committing a Class Y terroristic act requires an additional element of proof beyond what must be shown to establish second-degree battery. This is because the State must show serious physical injury and the additional element of firing into a conveyance or occupiable structure. The elements for committing a second-degree battery under either section of the battery statute were met in this case where the State proved appellant committed a Class Y terroristic act.

Clearly, a person can commit a Class B terroristic act without committing second-degree battery because one commits a Class B terroristic act without causing physical injury or serious physical injury to a person. However, a person cannot commit a Class Y terroristic act without also committing second-degree battery because a person cannot commit a Class Y terroristic act without intending to cause physical injury to another person and without causing serious physical injury to another person. *See* Ark. Code Ann. § 5-13-202(a)(1) (Repl. 1997).

The converse is not true. Second-degree battery does not require proof of an additional element that committing a Class Y terroristic act does not require. Second-degree battery may be proved by means other than purposefully causing serious physical injury, i.e., by recklessly causing serious physical injury to another person by means of a deadly weapon. However, this does not

require proof of an additional element beyond proving the defendant caused serious physical injury. *See* Ark. Code Ann. § 5-13-202 (a)(3). Therefore, under the *Blockburger* test, because each offense does not require proof of additional elements, the two statutes punish the same conduct.

Our inquiry does not end simply because two statutes punish the same conduct. The Supreme Court has stated, "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, . . . the question under the Double Jeopardy Clause [of] whether punishments are 'multiple' is essentially one of legislative intent[.]" *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). Thus, even though the majority fails to acknowledge this requirement, it is necessary, pursuant to our supreme court's holding in *Rowbottom v. State, supra*, to determine whether the Arkansas General Assembly intended to enact an additional penalty for conduct supporting convictions for both second-degree battery and committing a terroristic act.

In *Rowbottom*, our supreme court held that a defendant's conviction for possession of drugs and for simultaneous possession of drugs and firearms does not constitute double jeopardy. Citing *Missouri v. Hunter*, 459 U.S. 359 (1983), the *Rowbottom* court stated that when the same conduct violates two statutory provisions, the issue is whether the General Assembly intended for the two offenses to be separate offenses.[1] The *Rowbottom* court held that the intent of the General Assembly was clear because the legislature enacted a statute declaring its intent prohibiting the simultaneous possession of drugs and firearms. Arkansas Code Annotated section 5-74-102 (Repl. 1997) specifically refers to distributing a controlled substance while possessing a firearm. 341 Ark. at 40, 13 S.W.2d at 908. Therefore, the *Rowbottom* court reasoned, the General Assembly made it clear that it intended to provide an additional penalty for the separate offense of simultaneously possessing controlled substances and firearms. *Id. See also Sherman v. State.* 326 Ark. 153, 165,

---

[1] In *Missouri v. Hunter*, 459 U.S. 359 (1983), the United States Supreme Court held that convictions for first-degree robbery and armed criminal action did not constitute double jeopardy where the Missouri legislature intended that the punishment for violations of both statutes be cumulative. The Missouri statute defining armed criminal action provides that any person who commits a felony (such as first-degree robbery) by use of a dangerous or deadly weapon is *also* guilty of the crime of armed criminal action. The statute further specifies that the punishment imposed shall be *in addition to* the punishment for the underlying crime. 459 U.S. at 362. The *Hunter* court stated that "where a legislature specifically authorizes cumulative punishment under two statutes . . . regardless of whether those two statutes proscribe the same conduct, a court's task of statutory construction is at an end." *Id.* at 368.

931 S.W.2d 417, 425 (1996) (stating, "Given the clear legislative intent expressed in section 5-54-125(b) that fleeing is to be considered a separate offense, we have no doubt in concluding that the Double Jeopardy Clause does not bar Appellant's trial or punishment therefor.").

Here, the legislative intent is not clear. What little legislative intent we can glean supports a holding that the legislature intended only to prescribe additional punishment for the conduct leading to the charges in this case, rather than to proscribe separate, cumulative punishment for the two offenses. First, the two offenses are of the same generic class. The difference between the offenses is based upon the degree of risk or risk of injury to person or property, or else upon grades of intent or degrees of culpability. *See Ritchie v. State,* 31 Ark. App. 177, 790 S.W.2d 919 (1990). Moreover, the terroristic act statute contemplates conduct posing a greater degree of risk to persons because it contemplates death, whereas, second-degree battery is limited to serious physical injury. This is reflected in the fact that the same conduct which constitutes a Class D felony for second-degree battery also constitutes a Class Y felony for committing a terroristic act, which carries a more severe penalty.

Second, while there is no significant language indicating the legislature's intent regarding the second-degree battery statute, the emergency clause of 1979 Arkansas Act 428, Section 3, which amended the terroristic act statute, states that the *criminal punishment for sniping into cars should be increased immediately* to discourage further sniping incidents. This language suggests that the legislature intended to provide *enhanced sentencing* for such conduct comprising a terroristic act alone, not provide separate punishment for conduct comprising both a terroristic act and second-degree battery.

The effects of today's decision may be far-reaching.[2] The federal Constitution provides a floor below which our fundamental rights do not fall. The majority opinion lowers that floor with regard to the right against double jeopardy and reduces the protection against double jeopardy to a mere legal fiction because it allows the State to punish a person under two different statutes for the same conduct, absent a clear legislative rationale for doing so. If

---

[2] In the future, the double jeopardy issue may arise in conjunction with the terroristic act statute in another context. The terroristic act statute also contemplates conduct that results in the death of another person. Unless it is determined that a terroristic act was not meant to be a separate, chargeable offense, it is foreseeable that a prosecutor could elect to charge a defendant with committing a terroristic act *and* murder, or a lesser-included offense thereof.

prosecution under these circumstances does not constitute double jeopardy, I cannot imagine a scenario in which it would exist. Apparently, neither can the majority because they do not explain what more would be required in order for them to conclude that a defendant's right against double jeopardy has been violated. Because I believe that a fundamental constitutional right should not be so trivialized simply to permit prosecutors to compound charges against persons accused of crimes, I must respectfully dissent.

I am authorized to state that Judges HART, NEAL, and ROAF join in this opinion.